UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD ARJUN KAUL, MD,

              Plaintiff,

-against-

PHILIP MURPHY; CHRISTOPHER J. CHRISTIE; GURBIR GREWAL; ROBERT McGUIRE; and DOREEN ANNETTE HAFNER,

              Defendants.

---

21-CV-5293 (VB)

TRANSFER ORDER

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff brings this *pro se* action alleging that Defendants violated his rights. Named as Defendants are New Jersey Governor Philip Murphy, former New Jersey Governor Christopher Christie, New Jersey Attorney General Gurbir Grewal, and Deputy Attorneys General Robert McGuire and Doreen Annette Hafner. Plaintiff lists New Jersey addresses for all Defendants. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

1

Defendants are all current or former New Jersey state officials, and Plaintiff lists addresses for all Defendants in New Jersey. Venue is not proper under § 1391(b)(1) because all defendants do not reside in New York. Most, if not all, of Plaintiff's claims against Defendants involve events occurring in New Jersey. Even though Plaintiff alleges that the events giving rise to his claims ultimately began with a 2016 decision of a court in this district to transfer one of Plaintiff's actions to the District of New Jersey, these allegations do not provide a basis for venue in this District.

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer is appropriate in this case. The underlying events occurred in the District of New Jersey, all Defendants are current or former New Jersey state officials, and all Defendants reside in New Jersey. Venue is therefore proper in the District of New Jersey. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether summonses will be issued by the transferee court is left to discretion of the transferee court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 21, 2021
       White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge